John Simon WOODARD,
Petitioner–Appellee,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice Institutional Division, Respondent–Appellant.

No. 89–1374.

United States Court of Appeals,
Fifth Circuit.

April 23, 1990.

Charles A. Palmer, Asst. Atty. Gen., and Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellant.

Michael P. Heiskell, Johnson, Vaughn & Heiskell, Ft. Worth, Tex. (court appointed), for petitioner-appellee and John Simon Woodard, pro se.

Before WISDOM, JOHNSON and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

### Who's on First?

Woodard was indicted in Texas state court for aggravated robbery with a deadly weapon, pled guilty, and was sentenced to twenty years imprisonment. Woodard now seeks relief via habeas corpus.

Woodard was indicted for robbing three businesses in the Fort Worth area: a Taco Bell, a Quick N E–Z food store, and a Safeway grocery store. Woodard's attorney, Stephen Maxwell, investigated the Taco Bell robbery but did not investigate the other two. Maxwell testified that he investigated only the Taco Bell robbery because it was the state's strongest case and the one that it intended to try first. Maxwell advised Woodard to plead guilty to the Taco Bell robbery because the state had an eyewitness and because he thought the plea bargain offered by the state was reasonable.

Woodard did not plead guilty to the Taco Bell robbery but to the Quick N E–Z robbery. Maxwell testified that he was under the impression that Woodard had pled guilty to the Taco Bell robbery. The prosecutor's files showed erroneously that Woodard pled guilty to the Taco Bell robbery and that the Quick N E–Z case had been dismissed.

The district court held that Maxwell's failure to investigate constituted constructive denial of counsel and granted a writ of habeas corpus. We disagree. Maxwell's omissions constitute ineffective assistance of counsel and we remand the case so that the court below may make findings of fact as to whether appellant was prejudiced thereby.

### Bad lawyering or no lawyering?

As a threshold issue, we must determine whether the failure of an attorney to investigate the count in a multi-count indictment to which the defendant pleads guilty constitutes bad lawyering or no lawyering.[1] In both cases, the accused is denied his Sixth Amendment right to effective assistance of counsel because there is a serious doubt as to the reliability of the conviction. *See Strickland v. Washington,* 466 U.S. 668, 684–88, 104 S.Ct. 2052, 2062–64, 80 L.Ed.2d 674 (1984) and *United States v. Cronic,* 466 U.S. 648, 653–58, 104 S.Ct. 2039, 2043–46, 80 L.Ed.2d 657 (1984). The difference between bad and no lawyering is critical, however, because very different results flow from the label which is attached to the conduct in question. If the lawyering is merely ineffective, then the decision to upset the conviction, which turns on the presence of incompetence and prejudice, is made on a case by case basis. *See Strickland.* If, on the other hand, the defendant was constructively denied the assistance of counsel, then the conviction must be overturned because prejudice is presumed. *See Cronic.*

The *Cronic* Court reasoned that a defendant is completely denied counsel if (1) the "accused is denied counsel at a critical stage of the trial" or if (2) the counsel "fails to subject the prosecutor's case to

---

**1.** We do not decide what result would flow from a failure to investigate every count in the indict- ment.

meaningful adversarial testing." 466 U.S. at 659, 104 S.Ct. at 2047. The Court reasoned that "[a]part from circumstances of [this] magnitude, ... there is generally no basis for finding a Sixth Amendment violation" unless the attorney's conduct runs afoul of *Strickland. Cronic,* 466 U.S. at 659 n. 26, 104 S.Ct. at 2047 n. 26. Thus, unless the appellee can show that the instant case is squarely governed by *Cronic,* he must rebut a presumption that *Strickland* should apply. *See Craker v. McCotter,* 805 F.2d 538, 542 (5th Cir.1986) ("A constructive denial of counsel occurs ... in only a very narrow spectrum of cases") (citations omitted) and *Martin v. McCotter,* 796 F.2d 813, 820 (5th Cir.1986), *cert. denied,* 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987).

The instant case is not like either of the two examples of constructive denial of counsel given by the *Cronic* Court. First, an accused is denied counsel at a critical stage if "counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceedings. *Id.* at 659 n. 25, 104 S.Ct. at 2047 n. 25. There is no evidence that Maxwell was prevented from assisting Woodard and the record shows that he was not totally absent. He investigated the Taco Bell robbery [2] and determined that the prosecution would probably prove its case. He then struck what he thought was a good plea bargain. Second, Maxwell did not fail to subject the prosecutor's case to meaningful adversarial testing. There was evidence that Woodard had committed an armed robbery and Maxwell struck a reasonable deal.

The appellee has the difficult task, therefore, of showing why *Cronic* should be stretched to encompass the instant case. Precedent precludes the appellee from succeeding on this argument. *See Green v. Lynaugh,* 868 F.2d 176, 177–78 (5th Cir.) (the decision to conduct "almost no investigation" governed by *Strickland* ), *cert. denied,* —— U.S. ——, 110 S.Ct. 102, 107 L.Ed.2d 66 (1989); *Mann v. Adams,* 855 F.2d 639, 636–37 (9th Cir.1988) (attorney's failure to conduct any investigation on a

crucial issue was assessed under the *Strickland* test); *United States ex rel. Smith v. Lane,* 794 F.2d 287 (7th Cir.1986) (*Strickland* governed attorney's failure to investigate). In short a decision to investigate some issues and not others or even a decision to conduct virtually no investigation is governed by *Strickland* and its progeny.

### A Bad Bargain?

For the appellee to succeed on his claim that the plea bargain is vitiated by ineffective assistance of counsel, he must show (1) that the attorney's conduct was incompetent and (2) that prejudice flowed from this incompetence. *See Hill v. Lockhart,* 474 U.S. 52, 57–59, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985); *Craker,* 805 F.2d 538 (5th Cir.1986); and *United States v. Samples,* 897 F.2d 193, 195, 196 (5th Cir.1990).

The first prong of this test has been satisfied but we cannot ascertain from the record whether the second has been. First, a court generally must strongly presume that counsel has exercised reasonable professional conduct. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2065 and *Samples,* 897 F.2d at 196. No such presumption, however, is warranted when a lawyer advises his client to plea bargain to an offense which the attorney has not investigated. Such conduct is always unreasonable. Second, the court must determine whether Woodard suffered prejudice. Woodard can show prejudice if "there is a reasonable probability that, but for, counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370. On remand, the district court must make findings to determine whether Woodard suffered prejudice.

REVERSED AND REMANDED.

---

**2.** We make no finding as to the adequacy of this    investigation.