Exhibit G
RE: WR-83-532-01

Ineffective Assistant of
Counsel
Rafael De La Garza

NOS. 15-41085 AND 15-41086

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT


UNITED STATES OF AMERICA
Plaintiff - Appelle

vs.

DIETRICK LEWIS JOHNSON, Second
Defendant - Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 06 2015

Abel Acosta, Clerk

APPEAL FROM CAUSE NUMBER'S 4:14-CV-460 and 4:14-CV-463
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION


---

APPLICATION FOR CERTIFICATE OF APPEALABILITY

AND BRIEF IN SUPPORT

---

SPECIAL STATEMENT TO THE COURT

Applellant is proceeding pro se in this action, without the assistance of professional counsel, has no formal training in law, and has limited access to the prison law library for, the purpose of researching relevant law dealing with the issues in this cause. Therefore, petitioner moves this court to review this pleading under the standard established in **HAINES v. KERNER**, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S.Ct. 594 (1972).

## CERTIFICATE OF INTERESTED PERSONS

Appellant hereby certify that the following persons have an interest in the outcome of the instant case.  Appellant makes these representations to enable the judges' of this Court to evaluate their possible disqualification or recusal.

1.  Dietrick Lewis Johnson, Sr..............Appellant

2.  United States of America...............Appellee

3.  Tracey M. Batson.............Attorney for Appellee
    John M. Bales

(S) _____
    Dietrick Lewis Johnson, Sr.
    Appellant

## STATEMENT OF ORAL ARGUMENT

Petitioner suggests that this Honorable Court would benefit from oral arguments, given the importance of the case and the uniqueness of some issues.  Otherwise, appellant will rely on his brief.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS........................i

STATEMENT OF ORAL ARGUMENT..............................ii

TABLE OF AUTHORITIES...................................vii

STATEMENT OF JURISDICTION...............................xv

STATEMENT OF ISSUES PRESENTED FOR REVIEW...............xvi

ISSUE NUMBER ONE:

A Certificate of Appealability should issue because Mr. Johnsons' plea of guilty was not knowingly and voluntarily to the full consequences of his guilty plea. Prosecutorial Misconduct, violations' of due process and equal protection of the law, conspiracy to convict, vindictive prosecution, fraud and a total miscarriage of justice.

ISSUE NUMBER TWO:

A Certificate of Appealability should issue because of ineffective assistance of counsel, trial and appellate counsel failed to preserve error, and/or demonstrate harm of perjured testimony, rendering their performance ineffective, in violation of the Sixth Amendment.

ISSUE NUMBER THREE:

A Certificate of Appealability should issue because of conflict of interest between the defendant and his attorney.

ISSUE NUMBER FOUR:

A Certificate of Appealability should issue because of a Rule (11) violation, which trial and appellate counsel failed to request for a Competency hearing.

ISSUE NUMBER FIVE:

A Certificate of Appealability should issue because in the matter of Case No. 4:14-CV-461, the petitioner was prejudice when he was convicted and sentenced on an indictment that was returned by a grand jury whose term had expired. On 'June 22nd, 2015,' the case was dismissed without prejudice, when it was suppose to be dismissed with prejudice because prejudice ensued.

ISSUE NUMBER SIX:

This matter should be remanded to the district court for a discovery hearing.

STATEMENT OF THE FACTS AND OF THE CASE...................1
A.   Procedural history..............................1
B.   Factual background..............................1
    1.   U.S. Marshals' warrantless no knock, search violation 14, 20
    2.   Illegal impound of vehicle........................13, 14
    3.   Phone records, parts' receipt and police reports....15,17,18
    4.   Failure to subpoena or interview witnesses'......... 20

SUMMARY OF THE ARGUMENT......................................3

GOVERNMENT STATUTE/STANDARD OF REVIEW...................5

    A.   Statutory authority..............................5

    B.   Standard of review for obtaining a COA........6

ISSUE NUMBER ONE RESTATED...............................8

A Certificate of Appealability should issue because Mr. Johnson's plea of guilty was not knowingly and voluntarily to the full consequences of his guilty plea. Prosecutorial misconduct, Due process and Equal protection of the law violation's, Conspiracy to convict, Vindictive prosecution, Fraud and a Total Miscarriage of Justice.

    A.   Standard of Review.............................13

    B.   Factual Background.............................13

    C.   Argument.......................................13

        1.  Exhibit's A and B..........................8

ISSUE NUMBER TWO RESTATED..............................13

A Certificate of Appealability should issue because of ineffective assistance of counsel, trial and appellate counsel failed to preserve error, and/or demonstrate harm of perjured testimony, rendering their performance ineffective, in violation of the Sixth Amendment.

    A.   Standard of Review.............................18

    B.   Argument.......................................18

    1.   Perjured testimony..............................15

    C.   Issuance of the COA...........................19

    D.   Relief is required............................19

ISSUE NUMBER THREE RESTATED......................21

A Certificate of Appealability should issue because of
the conflict of interest between the defendant and his attorney.

    A.   Standard of Review......................21

    B.   Argument..............................21

        1.   It is unethical for defense counsel to advise her
            client to enter into a contract (to accept a plea
            offer) when the contract has a waiver preventing
            the defendant from later challenging his counsel's
            advice.

    C.   Issuance of the COA......................22

    D.   Relief is required......................22

ISSUE NUMBER FOUR RESTATED......................22

A Certificate of Appealability should issue because of
a Rule (11) violation, which trial and appellate counsel's failed
to request for a Competency Hearing.

    A.   Standard of Review......................23

    B.   Argument..............................24

        1.   The trial judge must personally inquire whether
            the defendant understood the nature of the charges
            that is against him.
        2.   The Court never, not once asked the petitioner
            was he taking any prescription medication's by
            a license physician, for any medical reason's.

    C.   Issuance of the COA......................24

    D.   Relief is required......................25

ISSUE NUMBER FIVE RESTATED................................25

A Certificate of Appealability should issue because in this matter, Case No. 4:14-CV-461, petitioner was prejudiced when he was convicted and sentenced on an indictment which was returned by a grand jury whose term had expired. On June 22, 2015, the case was dismissed without prejudice, when it should of been dismissed with prejudiced, because prejudice ensued.

A. Standard of Review.........................25, 26

B. Argument...................................25, 26

1. A Fourteen (14) point offense level increase..24

2. An Eight (8) point offense level increase.....24

ISSUE NUMBER SIX RESTATED................................26

This matter should be remanded to the District Court for a Discovery Hearing.

A. Standard of Review............................26

B. Preservation of error........................26

C. Denial of the Discovery Hearing was an abuse of

discretion........................................27


PRAYER..................................................29

CERTIFICATE OF SERVICE..................................30

# TABLE OF AUTHORITIES

## FEDERAL CASES

United States v. Gaitan,
954 F.2d 1001, 1011 (5th Cir. 1992)........................8

United States v. Pearson,
910 F.2d 221, 223 (5th Cir. 1990)........................8

Herring v. Estelle,
491 F.2d 125 (5th Cir. 1974)........................14

Wood v. Collins,
898 F.2d 1027 (5th Cir. 1990)........................11

Kennedy v. Maggio,
725 F.2d 269 (5th Cir. 1984)........................11

Young v. Zant,
677 F.2d 792 (11th Cir. 1982)........................14

Risher v. United States,
992 F.2d 982 (9th Cir. 1993)........................11

United States v. Henderson,
72 F.3d 463, 465 (5th Cir. 1995)........................11

United States v. Pugliese,
805 F.2d 1117, 1123 (2d Cir. 1986)........................14

Miller v. Wainwright,
798 F.2d 426 (11th Cir. 1986)........................16

United States v. Borders,
992 F.2d 563 (5th Cir. 1993)........................14

Suggs v. United States,
513 F.3d 675, 679-680 (7th Cir. 2008)........................10

Hoots v. Allsbrook,
785 F.2d 1214, 1221 (4th Cir. 1986)........................14

Gaines v. Hopper,
575 F.2d 1147 (5th Cir. 1978)........................14

William v. Washington,
59 F.3d 673 (7th Cir. 1995)........................15

United States v. Ihsan Elashyl,
554 F.3d 480 (5th Cir. 2008)...............................11

United States v. Somner,
127 F.3d 405, 408 (5th Cir. 1997)........................11

United States v. Lewis,
476 F.3d 369 (5th Cir. 2007)...........................12

Jackson v. United States,
2007 U.S. Dist. Lexis 13362 (E.D. Pa., Feb. 26, 2007)...14

Burdine v. Johnson,
292 F.3d 336, 345 (5th Cir. 2001).......................14

Bond v. Dretke,
384 F.3d 166, 167-68 (5th Cir. 2004)....................16

United States v. Perez,
2006 U.S. Dist. Lexis 82377 (E.D. Pa., Nov. 9, 2006)....17

United States v. Garcia-Jasso,
472 F.3d 239, 243 (5th Cir. 2006).......................22

United States v. Vaquero,
997 F.2d 78, 89 (5th Cir. 1993).........................22

Moore v. United States,
950 F.2d 656, 660 (CA10 1991)...........................21

Ragland v. Shattuck National Bank,
36 F.3d 983, 990 (CA10 1994)............................12

Johnston v. Singletary,
162 F.3d 630 (11th Cir. 1998)...........................20

Theriot v. Whitley,
18 F.3d 311 (5th Cir. 1994).............................20

Velarde v. United States,
927 F.2d 826 (7th Cir. 1992)............................20

Henry v. Scully,
778 F.3d 51 (2d Cir. 1996)..............................20

Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984)...15

Hill v. Lockhart,
474 U.S. 52, 59, 106 S.Ct. 366, 371, 88 L. Ed. 2d 203 (1985).16

Glasser v. United States,
315 U.S. 60, 75-76, S.Ct. 457, 467, 86 L. Ed. 680 (1942).....17

Wood v. Georgia,
450 U.S. 261, 271 (1981).................................21

Cyler v. Sullivan,
446 U.S. 335, 350 (1980)................................21

McCarthy v. United States,
394 U.S. 459, 22 L. Ed. 2d 418, 89 S.Ct. 1166..........23

Pate v. Robinson,
383 U.S. 375 (1996)....................................23

Drope v. Missouri,
420 U.S. 162 (1975)....................................23

Medellin V. Dretke,
544 U.S. 660 666 (2005)................................7

Drinkard v. Johnson,
97 F.3d 751, 755 (5th Cir. 1996).......................7

Fuller v. Johnson,
114 F.3d 491, 495 (5th Cir. 1997)......................7

Miller-El v. Crockrell,
537 U.S. 322, 336 (2003)...............................7

Green v. United States,
445 F.2d 847, 848 (6th Cir. 1971)......................6

Graziano v. United States,
83 F.3d 587, 590 (2d Cir. 1996)........................6

Yick Man Mui v. United States,
614 F.3d 50, 53 (2d Cir. 2010).........................6

Feliz v. United States,
Nos. 01 Civ. 5544 (JFK) 00 Cr. 53 (JFK), 2002 WL 1964347, at
*4 (S.D.N.Y. Aug. 22, 2002)............................7

United States v. Munoz,
408 F.3d 222 (5th Cir. 2005).

Campbell v. Reardon,
2015 BL 63739 7th Cir. No. 13-2634, March 10, 2015.....21

United States v. Pandilidis,
524 F.2d 644, 647 (6th Cir. 1975)......................25

United States v. Weintraub,
871 F.2d 1257, 1259 (5th Cir. 1989)....................28

Gibbs v. Johnson,
154 F.3d 253, 258 (5th Cir. 1998)........................28

Perillo v. Johnson,
79 F.3d 441, 444S45 (5th Cir. 1996)....................28

Blackledge v. Allison,
431 U.S. 63, 82-83 (1997)...............................28

Kirkpatrick v. Blackburn,
777 F.2d 272 (5th Cir. 1985)..........................14

United States v. Scott,
625 F.2d 623 (5th Cir. 1981)..........................14

United States v. Henderson,
72 F.3d 463, 465 (5th Cir. 1995)......................17

Loyd v. Whitley,
977 F.2d 149 (5th Cir. 1992)..........................20

## FEDERAL STATUTES

28 U.S.C. § 2253(c)(2)..................................7

28 U.S.C. § 2255.......................................6

28 U.S.C. § 2255(b)...................................26

28 U.S.C. § 2119.......................................1

18 U.S.C. § 1512(a)(2)(A) & (a)(3)(c)..................3

18 U.S.C. § 924(c).....................................1

18 U.S.C. § 922(g)(1)..................................1

18 U.S.C. § 3109......................................20

28 U.S.C. § 1291 (2015)...............................xv

# STATEMENT OF JURISDICTION

The United States Court of Appeals for the Fifth Circuit has jurisdiction of this matter, pursuant to 28 U.S.C. § 1291 (2015); as an appeal from a final decision of the United States District Court For The Eastern District of Texas, Sherman Division. Petitioner filed a Petition for Writ of Habeas Corpus; "July 23, 2014." The Writ of Habeas Corpus was denied; "July 29, 2015." Petitioner filed a timely Notice of Appeal on/or around; "August 5, 2015."

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

ISSUE NUMBER ONE:

A Certificate of Appealability should issue because Mr. Johnsons' plea of guilty was not knowingly and voluntarily to the full consequences of his guilty plea. Prosecutorial Misconduct, violations' of due process and equal protection of the law, conspiracy to convict, vindictive prosecution, fraud and a total miscarriage of justice.

ISSUE NUMBER TWO:

A certificate of Appealability should issue because of ineffective assistance of counsel, trial and appellate counsel failed to preserve error, and/or demonstrate harm of perjured testimony, rendering their performance ineffective, in violation of the Sixth Amendment.

ISSUE NUMBER THREE:

A Certificate of Appealability should issue because of Conflict of interest between the defendant and his attorney.

ISSUE NUMBER FOUR:

A Certificate of Appealability should issue because of a Rule (11) violation, which the trial and appellate counsel failed to request for a Competency hearing.

ISSUE NUMBER FIVE:

A Certificate of Appealability should issue because in the matter of Case No. 4:14-CV-461, the Petitioner was prejudice when he was convicted and sentenced on an indictment that was returned by a grand jury whose term had expired. On 'June 22nd, 2015,' the case was dismissed without prejudice; when it was suppose to be dismissed with prejudice because prejudice ensued.

ISSUE NUMBER SIX:

> This matter should be remanded to the district court for
> a discovery hearing.

## STATEMENT OF THE FACTS AND OF THE CASE

A. Procedural history.

On April 12, 2012, the grand jury returned a true bill in a Superseding Indictment with Count(1) of Car Jacking in violation of 28 U.S.C. § 2119, with Count(2) of Possession of a firearm, during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and Count(3) of Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

B. Factual background.

In August of 2012 petitioner entered into a plea agreement with the government to plead guilty to Count(1) in the Superseding Indictment, and the government agreed to dismiss Counts(2) & (3).

On November 28, 2012, pre-trial hearing was scheduled in petitioners' parallel state case's for 9:30 A.M.. The Assistant district attorney; "Cynthia A. Walker," postponed that hearing until 1:30 P.M. that same afternoon. She drove to retrieve a copy of the petitioners' federal guilty plea agreement, from the U.S. assistant district attorney; "Tracey M. Batson." This federal plea agreement that could of been easily faxed to her, was doctrined to suit her alleged Kidnaping case.

(1)

At the rescheduled, postponed 1:30 P.M. pre-trial hearing November 28, 2012, Assist. D.A. entered the federal plea agreement into the Courts record as a confession. The plea agreement was used to box Mr. Johnson into an unconditional Sixty (60) year plea agreement. After the plea agreement was entered into the record, the prosecutions plea offers' went from Forty (40) years, to Fifty (50) years, and finally to Sixty (60) years. When Mr. Johnson realized that the State of Texas was using his federal plea against him as a confession, he entered a Motion in federal Court to with draw his plea of guilty.

On January 30, 2013, at hearing for Mr. Johnson to withdraw his guilty plea, his defense counsel Mrs. Benson testified that she never advised Johnson, if he plead guilty in federal court, the State of Texas would use that plea against him.

On March 4, 2013, Hon. Amos L. Mazzant in his fact finding and conclusions of law, was to allow Mr. Johnson to withdraw his guilty plea. Further, since his defense counsel never advised him of the consequences of his guilty plea.

On April 10, 2013, seeing now that the State of Texas have certified that they would not use the plea agreement, the Hon. Judge denied Mr. Johnson a right to withdraw his guilty plea.

UNDISPUTED OF FACTS:

On November 28, 2012, which is Five (5) Months before the perjured, false declaration was entered into the Courts' record, it had already been used as a confession. Mr. Johnsons' defense counsel; 'Terri Daniel,' was so upset, stating that Mr. Johnson

(2)

is admitting to everything in the federal guilty plea agreement, and she then requested to withdraw as counsel from Mr. Johnsons' case's.

On November 15, 2013, Mr. Johnson was sentenced to 240 Months imprisonment for Car Jacking, in violation of 28 U.S.C. § 2119, and 125 Months, to run concurrent, for Tampering with a witness, or an informant, in violation of 18 U.S.C. §§ 1512 (a)(2)(A) & (a)(3)(c).

## SUMMARY OF THE ARGUMENT

Mr. Johnson brings Six issues before this Hon. Court, from his denial of a Certificate of Appealability below, by district judge Marcia A. Crone: (1) A (COA) Certificate of Appealability should issue because of prosecutorial misconduct, due process and equal protection of the law, conspiracy to convict, vindictive prosecution, fraud, and a total miscarriage of justice. (2) A (COA) Certificate of Appealability should issue because a Six Amendment violation of ineffective assistance of counsel which affected the validity of the waiver. (3) A (COA) Certificate of Appealability should issue because of a conflict of interest that affected the validity of the waiver. (4) A (COA) Certificate of Appealability should issue because of a Rule (11) violation, failure to hold a Competency hearing, when Competency was an issue. (5) A (COA) Certificate of Appealability should issue because prejudice ensued when Mr. Johnson was convicted and Sentenced on an invalid indictment that was returned by a grand jury whose term had expired. (6) A (COA) Certificate

(3)

of Appealability should issue for this matter, and should be remanded to the District Court for a Discovery Hearing.

Returning to issue number one, a plea of guilty was not knowingly and voluntarily to the full consequences of Mr. Johnson's guilty plea. In a hearing January 30, 2013, for Mr. Johnson to withdraw his guilty plea. Mr. Johnson's defense counsel; "Denise S. Benson," testified, that she never advised him of the consequences his guilty plea would have on his parallel state case's. Therefore, on March 4, 2013, Magistrate Judge; "Amos L. Mazzant," granted Mr. Johnson to withdraw his guilty plea and to take the case before a jury. The prosecution entered a fraudulent declaration, and on April 10, 2013, the District Judge denied the Magistrate Judges fact findings and recommendation.

Issue two deals with ineffective of counsel, that affected the validity of the waiver. Counsel failed to preserve error, and/or demonstrate harm of perjured testimony, rendering their performance ineffective, violating the Sixth Amendment.

The third issue demonstrates a conflict of interest between Mr. Johnson and his attorney, that also affected the validity of the waiver. It was unethical for counsel to advise her client to accept a plea offer, when the plea has a waiver preventing Mr. Johnson from later challenging her advice.

The fourth issue deals with a Rule (11) violation. The trial judge asked Mr. Johnson; "was he on any illegal drugs?" And he replied by saying; "No." The trial judge never asked was he taking any prescription medications prescribed by a licensed physician, for any medical reasons.

(4)

The fifth issue is that Mr. Johnson was prejudiced when his fifth Amendment was violated, by being convicted and sentenced on an invalid indictment. The indictment was returned by a grand jury whose term had expired, therefore, the case should of been dismissed with prejudice because prejudice did ensue.

The sixth issue is that this matter should be remanded to the district court for a Discovery Hearing. Mr. Johnson filed a Motion for discovery, but the trial judge abused his discretion by denying discovery.

## GOVERNING STATUTE/STANDARD OF REVIEW

As an overview, Mr. Johnson will first set forth the applicable law governing his request for justice in this matter. Secondly, since he was denied a Certificate of Appealability (COA) below, all included matters will be governed by the standard of review set forth under this heading.

A. Statutory authority.

The law provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside or correct the sentence.

(5)

To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process. Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the petitioner is entitled to no relief."

Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." A petitioner in a § 2255 proceeding bears the burden of proof by a preponderance of the evidence.

B. Standard of review for obtaining a COA.

Being denied a COA at the district court level, Mr. Johnson now requires a COA in order to pursue the merits of his claim on appeal. Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)(per curiam); Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010); Feliz v. United States, Nos. 01 Civ. 5544(JFK)

(6)

OO CR. 53 (JFK), 2002 WL 1964347, at *4 (S.D.N.Y. Aug. 22, 2002). 2253(c)(2); Medellin v. Dretke, 544 U.S. 660, 666 (2005); Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir. 1996); Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir. 1997). Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003); Low Threshold for Habeas COA's and Harsh Words for Race-Based Peremptory Challenges, 17 Crim. Prac. Report 1 (West March 2003).

A COA may be granted only where there is "a substantial showing of the denial of a constitutional right." To make this showing, Mr. Johnson must demonstrate that to "demonstrate that the issues are debatable amongst jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further." In other words, the question is the debatable nature of the underlying constitutional claim, not the resolution of that debate. If there is any doubt whether to grant a COA, the doubt is resolved in favor of the petitioner.

A COA determination is a separate proceeding, one distinct from the underlying merits. A COA analysis is an "overview of the claims in the habeas corpus petition and a general assessment of their merits." The COA assessment "does not require full consideration of the factual or legal bases adduced in support of the claims." In fact, the statute forbids it." Moreover, the majority in Miller-EL suggested the likelihood that the appeal will ultimately be successful is almost irrelevant. The "debatable amongst jurists of reason" inquiry has been interpreted as a very low barrier to the issuance of a

(7)

COA. However, a petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith on his part."

---

ISSUE NUMBER ONE RESTATED:

A Certificate of Appealability should issue because Mr. Johnson plea of guilty was not knowingly and voluntarily to the full consequences of his plea of guilty. Prosecutorial misconduct, due process and equal protection of the law, Conspiracy to convict, Vindictive prosecution, Fraud, and a total miscarriage of justice.

---

Petitioner has raised substantial showing of denial of constitutional right on issue 'Ground Four, in 28 U.S.C. § 2255. Mr. Johnson was not advised of and did not understand the consequences of his [guilty] plea. United States v. Gaitan, 954 F.2d 1001, 1011 (5th Cir. 1992)(quoting United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990)) See Exhibit's (A) & (B).

1. The U.S. and State assistant district attorney's both, knowingly and willingly submitted a fraudulent objection/perjured declaration, knowing it to be false March 18, 2013.

2. On November 28, 2012, Mr. Johnson had a 9:30 A.M. Pretrial hear, before Hon. Scott J. Becker, in District 219. The assistant district attorney "Cynthia A. Walker" postponed that hearing until 1:30 P.M. that same afternoon, while she drove to meet up with U.S. assistant district attorney "Tracey M. Batson." Furthermore, she drove to retrieve a copy of Mr. Johnsons' federal plea agreement, which could of been easily faxed to her. The federal plea was tampered with, to suit her agg. kidnaping case with the state.

(8)

3. At the postponed 1:30 P.M. pretrial hearing, the federal plea agreement was entered into the court's record as a confession.

4. The Hon. Scott J. Becker, viewed the federal plea agreement, and then reset matters before him, to allow petitioner to be sentenced on his federal charges first.

5. Seeing that the federal plea agreement was entered into the State Court's record, the prosecutions plea offer's went from Forty (40) years, to Fifty (50) years, and finally to Sixty (60) years, now that the federal plea agreement was entered into the court's record as a confession.

6. The States prosecution used the federal guilty plea agreement as leverage, to force Mr. Johnson into an unconditional Sixty (60) year plea agreement.

7. When Mr. Johnson had realized, that the State was using the federal plea agreement against him, he entered a Motion to withdraw his guilty plea in federal court.

8. At the hearing January 30, 2013, for Mr. Johnson to withdraw his guilty plea, the U.S. Assist. D.A. had the same State Assist. D.A. actively participating in this federal hearing, sitting at the prosecutions table, on video and audio.

9. On March 4, 2013, after defense counsel testified that she never advised Mr. Johnson that if he plead guilty in federal court, the state would use that guuilty plea against him. Then, in Hon. Mazzants fact finding and recommendation, was to grant Mr. Johnson an opportunity to withdraw his guilty plea, and to take the case to trial before a jury.

(9)

10. On March 18, 2013, the government entered an objection, and submitted a perjured declaration from the state of Teaxs, stating that they would not use Mr. Johnsons' federal guilty plea. The government and the state of Texas violated Mr. Johnsons' due process and equal protection of the law, when they knew the declaration was false.

11. On April 10, 2013, the district judge denied Mr. Johnsons' Docket (#36) Motion, seeing that the state of Texas certified that they would not use the federal guilty plea.

12. On November 15, 2013, based on this miscarriage of justice, Mr. Johnson was sentenced to 365 Months of imprisonment.

Petitioner must have notice of the true nature of the actual charges that is against him. (U.S. Assist. D.A. contends now, that Mr. Johnson was never charged with weapon violations). Suggs v. United States, 513 F.3d 675, 679-680 (7th Cir. 2008). NOTE: See the governments response to Mr. Johnson's 2255 Motion, pg. 11, line's 2 & 3, which clearly states that in Count-1, that Mr. Johnson was not charged with the use of a firearm. However, in the superseding indictment, in Count-2 & 3, Mr. Johnson was charged with possession of a firearm, during and in relation to a crime of violence and felon in possession of a firearm. These charges were dismissed during the plea negotiations, after Mr. Johnson plead guilty to Count-1 of the indictment. Therefore, it is safe to say that the government presented an illegally obtained firearm as evidence, before the grand jury, during their independent role of investigation

April 12, 2012. Petitioner must understand the consequences of his plea, and must understand the nature of the constitutional protections he is waiving. Matthew. 201. F.3d at 365. These undisputed of facts affected the validity of the waiver itself. United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995). Risher v. United States, 992 F.2d 982 (9th Cir. 1993). Woodard v. Collins, 898 F.2d 1027 (5th Cir. 1990). Kennedy v. Maggio, 725 F.2d 269 (5th Cir. 1984).

In the governments response to petitioners' 2255 Motion, Document 21, Filed 01/28/2015, pg. 11 of 27, pg. ID. #207, first paragraph states: "The government never charged Mr. Johnson with a firearm, and he never admitted to using a firearm." However, Mr. Johnson's (PSR) pre-sentence report, he was given a six (6) point offense level for use of a firearm. He was also given a four (4) point offense level for bodily injury. In Document 21, Filed 01/28/2015, pg. 3 of 27, pg. ID #199, on PSR-15, there was no where in the alleged victims statement, where Mr. Johnson assaulted or raped the victim to be charged with bodily injury. He was not charged with assault or rape in the plea agreement, but the PSR clearly states that he raped the victim. United States v. Munoz, 408 F.3d 222 (5th Cir. 2005). See Exhibit's E & F.

The government is obligated to live up to the bargain it strikes in the plea agreement. United States v. Ihsan Elashyl, 554 F.3d 480 (5th Cir. 2008). Thus a plea agreement is construed strickly against the government as the drafter. United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997). 'To assess whether

(11)

a plea agreement has been violated, this court considers whether the governments conduct is consistent with the defendants reasonable understanding of the plea agreement.' United States v. Lewis, 476 F.3d 369 (5th Cir. 2007). In Mr. Johnsons' PSR, they recommended a six (6) point offense level for use of a firearm, and a four (4) point offense level for bodily injury based on the application of an abuse of trust enhancement not included in the plea agreement.

What is fraud? "Fraud is a generic term." Ragland v. Shattuck National Bank, 36 F.3d 983, 990 (CA10 1994). It encompasses a broad range of ways 'by which another is cheated.' Id. There are actually two (2) types of fraud: 'Intentional and constructive.' Id. Intentional is when, obviously, a party intends to deceive the other party. Constructive, though, is broader and covers even intentional deception.

For example, when the government placed a collateral attack waiver in Mr. Johnsons' plea agreement, it created a conflict of interest. And because the government knew this, and failed to say anything, it was fraud because Mr. Johnson had an underlying right to be correctly informed of the facts. Id. Fraud occurs when a party in the contract, has the obligation to say that the waiver could cause a conflict of interest. It is constructive fraud when the government knowingly remained silent on this issue. However, any fraud in a contract voids the contract as if it never existed.

On October 14, 2014, Attorney General "Eric H. Holder Jr.," directed his prosecutor's not to enforce collateral attack

waivers in existing plea agreement's. And when the government enforces a waiver provision in a plea agreement, the court abuses its discretion if it raises the issue. Wood v. Milyard, 132 S.Ct. 1826, 1833 fn. 5 (2012).

A. Standard review.

Mr. Johnson adopts the standard or review for obtaining a COA and obtaining relief as set forth supra.

1. The government committed a constitutional error, when they deprived Mr. Johnson of his due process and equal protection of the law, which is a guaranteed right. This type of misconduct, just to win a conviction by any means is a miscarriage of justice. The government submitted the declaration, knowing it to be false, just to deprive Mr. Johnson of his right to a jury trial.

---

ISSUE NUMBER TWO RESTATED:
A Certificate of Appealability should issue because of ineffective assistance of counsel, trial and appellate counsel failed to preserve error, and/or demonstrate harm of perjured testimony, rendering their performance ineffective, in violation of the Sixth Amendment.

---

Defense counsel; "Denise S. Benson," allowed Mr. Johnson to plead guilty in open court, to charges that she knew he did not commit. On July 9, 2012, defense counsel files a Motion to suppress illegally obtained firearm (a clear violation of the forth Amendment). Counsel then comes back to Collin County jail eleven (11) days later, on July 23, 2012, with a plea agreement and a consent form from the government, stating that Mr. Johnson gave U.S. Marshal's verbal consent to search a parked,

(13)

locked vehicle on private property. Herring v. Estelle, 491 F.2d 125 (5th Cir. 1974); U.S. v. Pugliese, 805 F. 2d 1117, 1123 (2d Cir. 1986); U.S. v. Borders, 992 F.2d 563 (5th Cir. 1993); Young v. Zant, 677 F.2d 792, 798 (11th Cir. 1982). This type of ineffective assistance of counsel invalidated the waiver. Jackson v. United States, 2007 U.S. Dist. Lexis 13362 (E.D. Pa., Feb. 26, 2007). **Kirkpatrick v. Blackburn, 777 F.2d 272 (5th**

1. Defense counsel encouraged Mr. Johnson to plead guilty on the fact that the U.S. Marshal's stated that Mr. Johnson gave them verbal consent to search a parked, locked vehicle on private property, without a signed warrant by any court, and no signed consent form, no where in the record was signed by Mr. Johnson. **U.S. v. Scott, 625 F.2d 623 (5th Cir. 1981).**

2. On March 26, 2012, the Collin County Sheriff's Department called the U.S. Marshal's, to assist them in serving just an arrest warrant, for an alleged kidnaping charge. However, they violated 18 U.S.C. § 3109, and the forth Amendment, by kicking down the front door to 11511 Ferguson Rd., Unit 1644, Dallas, Texas 75228, without knocking or announcing themselves before breaking open the door. Defense counsel was told about this incident, how the Collin County Sheriff Dept. and the U.S. Marshal's did not have a no knock warrant or a search warrant signed by any court. Counsel failed to investigate, and presented no defense regarding this forth Amendment violation. Hoots v. Allsbrook, 785 F.2d 1214, 1221 (4th Cir. 1986); Gaines v. Hopper, 575 F.2d 1147 (5th Cir. 1978); Burdine v. Johnson, 292 F.3d 336, 345 (5th Cir. 2001). Counsel had a duty to familiarize

(14)

herself with discovery materials provided by the government. William v. Washington, 59 F.3d 673 (7th Cir. 1995).

NOTE: Mr. Johnson never discussed wanting to enter a guilty plea on his state charges, with his defense counsel. The state prosecutions upward departures demonstrates that fact. Mr. Johnson entered into an unconditional sixty (60) year plea agreement, after his federal plea agreement was used as a confession, not for any rebuttal or impeachment purposes.

2. Counsel was told to subpoena the complainants and his phone records, and compare them to the complainants signed statement of facts, which was presented to the grand jury. Then you'll see that this woman gave perjured signed statement of important facts to the grand jury during their independent role of investigation. Counsel failed in this regard, and her behavior was not objectively reasonable under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's main objective as an appointed counsel, was to secure a fair and impartial process, which Mr. Johnson's constitutional rights would be properly vindicated. However, to ensure an attorney's performance lived up to the expectation initiated in the two (2) stage analysis in Strickland. Furthermore, that must be utilized in the evaluation of all claims of constitutional deficient performance rendered by court appointed counsel. Traditionally, under Strickland, the standard review, relief must be granted where (1) the records disclose that counsel's performance was deficient under the prevailing norms and (2) the deficiency in counsel's elected trial strategy had an appreciable prejudicial affect on Mr. Johnson's ability to defend

(15)

the case. However, when the plea was a negotiated guilty plea, the determination turns to whether, (1) counsel's advice to plead guilty was within the range of competency demanded of an attorney in a criminal case, and if not, (2) whether there is a reasonable probability that but for counsel's error's, Mr. Johnson would of never pleaded guilty and would of insisted on going to trial. Bond v. Dretke, 384 F.3d 166, 167-68 (5th Cir. 2004) (citing Hill v. Lockhart, 474 U.S. 52, 59 106 S.Ct. 366, 371, 88 L. Ed. 2d 203 (1985) (Internal quotation marks omitted). Mr. Johnson does not have to prove without absolute certainty that he would not have pleaded guilty, only that there was a "reasonable probability" such would have occurred. Miller V. Wainwright, 789 F.2d 426 (11th Cir. 1986).

3. The Strickland analysis commences with the presumption that defense counsel's advice to accept the governments' plea offer, was the result of sound judicial reasoning. However, that presumption vanishes completely when, as in the instant case, the records show that counsel's over all representation of the law in relation to the facts of the case, was inaccurate. Quite naturally, a lawyer must have a firm command on the facts of the case, or at least a working familiarity of the law governing the offense, before it can be said that she was competent to advise Mr. Johnson in regards to a guilty plea. Therefore, where counsel negotiated and encouraged a guilty plea during Mr. Johnsons' trial court proceedings, without a legitimate reason for doing so. This court must find that counsel's course of action to be an unacceptable trial, that prejudiced Mr. John-

(16)

son's defense. Glasser v. United States, 315 U.S. 60, 75-76, S.Ct. 457, 467, 86 L. Ed. 680 (1942). United States v. Perez, 2006 U.S. Dist. Lexis 82377 (E.D. Pa., Nov. 9, 2006).

1. Mr. Johnson had a constitutional right to be heard through counsel, to make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem, unless he has waived his right to argument, or unless the argument is not within the issues of the case. But they were the issues at hand, and Mr. Johnson had not waived his right to argue these issues. "There are no 'cost savings' in insisting on this kind of courtroom efficiency." **U.S. v. Henderson, 72 F.3d 463, 465 5th**

Mr. Johnson had a right for his counsel to argue his claims of innocence, which is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Summation is a basic element of a criminal defense that offers the defendant both his last chance to persuade the court on the issue of reasonable doubt as well as his first chance, to present his version of the case as a whole, to "sharpen and clarify the issues for resolution," and to point out the deficiences" of the governments positions.

Here, a certificate of appealability should issue to review this matter. Secondly, Mr. Johnson was deprived of a direct appeal, which would of demonstrated that both trial and appellate counsel were ineffective as a matter of law. Trial counsel should be found to be ineffective due to failing to request a sufficient time to fully develop arguments regarding illegally obtained evidence, subpoena phone records, part's receipt,

(17)

Liberty Mutual Insurance Claim, Chase Bank statement for the complainant, for the month of December of 2011, police report's for the complainant and the ones Mr. Johnson filed in Dallas, Texas. Counsel failed to obtain any of this evidence to preserve a more favorable standard of review; appellate counsel for failing to adequately present the issue to this Court. Either or both require a new trial.

A. Standard of Review.

Mr. Johnson adopts the standard of review for obtaining a COA and obtaining relief as set forth supra.

B. Factual Background.

The record demonstrates that alleged harassment and stalking charges that lead to the alleged Car Jacking and Kidnaping charges.

C. Argument.

The record demonstrates that trial counsel encouraged Mr. Johnson to plead guilty, and that she failed to investigate or defend her client.

1. To establish a constitutionally deficient performance, Mr. Johnson must "identify the acts or omissions...that are alleged not to have been the result of reasonable professional judgment" to "show that counsel's representation fell below an objective standard of reasonableness" and outside the wide range of professionally competent assistance." Addressing the ineffective claims, plain error review was required because of trial counsel's failure to follow through with Motion to suppress illegally obtained evidence that was presented to the

(18)

grand jury, or to subpoena any evidence to impeach the complainant's signed statement of important facts that was presented to the grand jury. In addition, trial counsel's error resulted in a failure to obtain a standard of review on appeal. The appellate counsel failed to set forth any argument for prejudice, when trial counsel's error's was so serious that they rendered the proceedings fundamentally unfair or the result unreliable. The right to present a motion for illegally obtained evidence is an important one, and abridgment of this should not be tolerated. Here, requiring that Mr. Johnson be given a new trial, is presumed when the right erroneously denied, and the presumption of harm, although not absolute, is not readily overcome. Here, trial counsel failed to investigate or defend her client to the best of her ability, and appellate counsel did not present any arguments mentioned. A certificate of appeal should issue, and Mr. Johnson should be given a new trial.

D. Issuance of the COA.

Claims that have been rejected on their merits require petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong." The question is the debatability of the underlying constitutional claim, not the resolution of that debate. A COA should issue.

E. Relief should be granted.

As stated earlier, relief under § 2255 is available "only for...constitutional error..." No question exists of constitutional necessity of proper representation to the fullest of

(19)

their ability, including preserving and presenting error. Here, having not demonstrated that, counsel deprived him of his Sixth Amendment Constitutional guaranteed right to counsel, and that appellate counsel failed in proper presentation of the issues before this court.

Defense counsel; "Rafael De La Garza," was ineffective for not raising Competency Claims. Johnston v. Singletary, 162 F.3d 630 (11th Cir. 1998). Theriot v. Whitley, 18 F.3d 311 (5th Cir. 1994). When counsel knew there was some form of mental confusion going on with his client, who tried to withdraw from his guilty plea twice, during his trial court proceedings. And where Mr. Johnson caught three (3) additional charges while still awaiting trial. Counsel was ineffective for not raising a "Dead Bang Winner," on direct appeal. Then counsel files and "Anders Brief," stating that Mr. Johnson had no ground for appeal. When the Supreme Court has stated that attorney who seek to file an Anders Brief should consult with his client, to ascertain if he has any issues to pursue on appeal. Counsel failed in this regard, seeing that he was told repeatedly, to subpoena phone records, part's receipt and witnesses, to impeach the complainants testimony. Velarde v. United States, 927 F.2d 826 (7th Cir. 1992). See also Henry v. Scully, 778 F.3d 51 (2d Cir. 1996). **Loyd v. Whitley, 977 F.2d 149 (5th Cir. 1992).**

Counsel was fully aware of how the U.S. Marshal's kicked down the front door to where Mr. Johnson was a quest at, and had no signed lease or rental agreement; without knocking or announcing themselves before breaking down the door. They violated 18 U.S.C. § 3109 and the Fourth Amendment to the United

(20)

States Constitution. Counsel failed to investigate, or subpoena any witnesses. Campbell v. Reardon, 2015 BL 63739 7th Cir. No. 13-2634, March 10, 2015. Counsel's representation fell within the wide latitude of afforded by Strickland v. Washington, 466 U.S. 668 (1984); relief should be granted.

---

ISSUE NUMBER THREE RESTATED:
A Certificate of Appealability should issue because of the conflict of interest between the defendant and his defense counsel.

---

A. Standard of Review.

Mr. Johnson adopts the standard of review for obtaining a COA and obtaining relief as set forth supra.

B. Argument.

Here demonstrating how a conflict of interest affected the validity of the waiver.

1. The Kentucky State Supreme Court just said that collateral attack waivers "create a non-waivable conflict of interest between the defendant and his attorney." United States v. Kentucky, State Bar Association, No. 20013-SC-000270-KB (ky. 2004). The court also said that it's an 'ethical breach' by counsel. Id. When viewed through the lens of conflict of interest, the problem of collateral attack waiver's become quite clear. "Counsel owes her client a duty of loyalty, and a duty to avoid conflicts of interest." Strickland v. Washington, 466 U.S. 668, 688 (1984). The Sixth Amendment right to counsel includes the "right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271 (1981), and this "conflict free" representation extends to plea negotiations.

(21)

Moore v. United States, 950 F.2d 656, 660 (CA10 1991). The Supreme Court even said that if a defendant can show that his counsel operated under a conflict of interest, he do not have to show that he was prejudiced (that counsel error's changed the outcome of the proceedings). Cyler v. Sullivan, 466 U.S. 335, 350 (1980). Conflicts of interest are of great interest to the court's.

2. A collateral attack waiver created a conflict of interest between Mr. Johnson and his defense counsel, because it is unethical for counsel to advise Mr. Johnson to **enter into** a contract (to accept a plea offer) when the contract has a waiver preventing him from later challenging his counsel's advice. United States v. Garcia-Jasso, 472 F.3d 239, 243 (5th Cir. 2006) (quoting United States v. Vaquero, 997 F.2d 78, 79 (5th Cir. 1993).

C. Issuance of the COA.

Mr. Johnson has raised undisputed facts, and has made an adequate showing to proceed further.

D. A conviction obtained through a conflict of interest between the defendant and his attorney, a new trial should be warranted. As the same occurs here, Mr. Johnson likewise requests a new trial.

---

ISSUE NUMBER FOUR RESTATED:

A Certificate of Appealability should issue because of a Rule (11) violation, where trial and appellate counsel failed to request for a competency hearing.

---

(22)

A.  Standard of Review.

Mr. Johnson adopts the standard of review for obtaining a COA and obtaining relief as set forth supra.

B. Argument.

A Rule (11) proceeding, it is mandated that the trial judge comply with Rule (11).  The trial judge must personally inquire whether Mr. Johnson understood the true nature of the charges he was being faced with.

1.  The grand jury returned a true bill in a Superseding indictment April 12, 2012, charging Mr. Johnson with the following charges: "Count (1), Car Jacking, in violation of 28 U.S.C. § 2119; Count (2), Possession of a firearm, during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and Count (3), Felon in Possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)."  This firearm was used as evidence, presented to the grand jury under false pretenses.  The firearm was obtained by an illegal search and illegal impound of a parked, locked vehicle that was on private property.  The U.S. Marshal's had no signed search warrant from any court, nor was they ever given any verbal consent to conduct a search of any kind without a signed warrant by the court.  Now, the prosecution response to this violation is that they never charged Mr. Johnson with weapon violations.

2.  Furthermore, on the court's record, Mr. Johnson was asked; "are you on any illegal drugs?" And he replied by saying; "no."  The court not once, asked Mr. Johnson was he taking any prescribed medications by a licensed physician, for any medical reason's.  Mr. Johnson was taking 'Zoloft' which was prescribed

(23)

by "Dr. Stephen Ash," (Urologist), for premature ejaculation, due to complications, suffering from "Bladder Cancer," since 2004. This drug is known to treat individuals who are suffering from depression, or some other form of mental deficiency. Mr. Johnson was taking this drug for three (3) to four (4) times a day, since January of 2010, up until his arrest March 26, 2012. Therefore, it is safe to say that it was impossible for Mr. Johnson to fully understand the nature of the charges against him, or the full consequences of his guilty plea. The court, prosecution and the defense counsel's were aware of Mr. Johnson taking this medication.

3. In Rule (11), United States v. Dayton, supra, held that Rule (11) has three (3) core concerns; "1. A guilty plea must be free from coercion; 2. The accused must know the direct consequences of the plea of guilty; and 3. The accused must understand the nature of the charges against him. McCarty v. United States, 394 U.S. 459 22 L. Ed. 2d 418, 89 S.Ct. 1166.

4. The Supreme Court has also held that a defendant is entitled to a competency hearing, and that his conviction may be overturned if the court knew, or should have known that the defendant was incompetent, and failed to hold a competency hearing. Pate v. Robinson, 383 U.S. 375 (1996). Drope v. Missouri, 420 U.S. 162 (1975). Bouchillon v. Collins, 907 F.2d 589 (5th Cir. 1992).

C. Issuance of the COA.

Mr. Johnson has raised questions that are debatable among jurists of reason, and he has made an adequate showing to proceed further.

(24)

D. Relief is required.

A conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment. Where violation of Rule (11), the case should be reversed, and/or a request for a new trial should be warranted.

---

ISSUE NUMBER FIVE RESTATED:

A Certificate of Apealability should issue because in the matter of Case No. 4:14-CV-461, defendant was prejudiced when he was convicted and sentenced on an indictment that was returned by a grand jury whose term had expired. On June 22, 2015, the case was dismissed without prejudice, when it should of been dismissed with prejudice, because prejudiced ensued.

---

A. Standard of Review.

A denial to dismiss the case with prejudice was an abuse of discretion.

B. Argument.

1. A fourteen point offense level was and still is being used against Mr. Johnson, after the charge has been dismissed.

2. An eight (8) point offense level was and still is being used against Mr. Johnson, after the charge has been dismissed.

Mr. Johnson was convicted and sentenced on an indictment which was returned by a grand jury whose term had expired. Therefore, the indictment was void as a matter of law, and prejudiced ensued when the indictment was used to convict and sentence Mr. Johnson. United States v. Pandilidis, 524 F.2d 644, 647 (6th Cir. 1975). Reversal is required. Mr. Johnsons' Fifth

(25)

Amendment to the United States Constitution was violated, where he was protected by the indictment procedure, Id. at 648.4.

NOTE: After the grand jury's investigation, the information obtained during the trial court proceedings could of been used against Mr. Johnson. But the government decided to proceed by indictment, instead of information, and if they would of proceeded by information, no prejudice would of occurred.

C. Standard of Review.

Mr. Johnson adopts the standard of review for obtaining a COA and obtaining relief as set forth supra.

D. Argument.

The case should of been dismissed with prejudice, because the prosecution violated Mr. Johnson's Fifth Amendment when he was convicted and sentenced on an indictment that did not belong to him.

---

ISSUE NUMBER SIX RESTATED:
This matter should be remanded to the district court for a discovery hearing.

---

Petitioner's discovery request should of been granted. Because of the failure of the District Court to do so, petitioner is entitled to remand back to the District Court to satisfy this request.

A. Standard of Review.

A denial of Mr. Johnson's request for discovery for an abuse of discretion.

B. Preservation of error.

Section 2255(b) requires an evidentiary hearing "[u]nless

(26)

the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." When the allegations in the § 2255 motion is not negated by the record, the district court must hold an evidentiary hearing. Johnson's discovery request was filed in March of 2015, and was denied April 9, 2015.

C. Denial of the discovery hearing was an abuse of discretion.

The Rules Governing § 2255 Cases in the United States District Court's provide that if a party obtains Leave of Court, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

Habeas Corpus petitioner's may use discovery to develope facts sufficient either to require an evidentiary hearing or following "expansion of the record" to include discovered materials that may justify relief without a hearing. The ability to conduct the limited discovery that Johnson sought is especially important in order to expand the record and may yield exculpatory evidence.

In summary, where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief, it is the duty of the court's to provide the necessary facilities and procedures for an adequate inquiry." And where specific allegations before the court show reason to believe that a petitioner may, if the facts are fully developed, be

(27)

able to demonstrate that he is confined illegally and is therefore entitled to relief, the discretion to grant discovery may rise to the level of a "duty."

"Ordinarily, the decision to allow discovery...is left to the discretion of the district court." However, denial of an opportunity for discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of a claim. However, where allegations of including use of false testimony and ineffective assistance are not conclusively negated by the record, "at a minimum" a should give serious consideration to holding an evidentiary hearing.

Mr. Johnson made specific allegations of missing phone entries (call logs) that were not turned over to the United States Attorney's office in both the Writ and the Motion. As seen in the merits claim above, the true order of the phone records, part's receipt, Liberty Mutual Insurance claim, police reports filed by both, the complainant and the petitioner is a lynchpin in Mr. Johnson's claim of falsified evidence. Denied the right to pursue this at trial, Mr. Johnson presented sufficient facts to pursue discovery on this issue. As a petitioner is "entitled to careful consideration and plenary processing of his claim, including full opportunity for presentation of the relevant facts," Mr. Johnson is entitled to a remand on this matter to further develop the record. See United States v. Weintraub, 871 F.2d 1257, 1259 (5th Cir. 1989). Gibbs v. Johnson, 154 F.3d 253, 258 (5th Cir. 1998). Perillo v. Johnson, 79 F.3d 441, 444S45 (5th Cir. 1996). Blackledge v. Allison, 431 U.S. 63, 82-83 (1997).

(28)

## PRAYER

Appellant request that a Certificate of Appealability be issued in all matters set forth above, the convictions be ordered to be reversed and a new trial or sentencing hearing held, or any other relief that he may be so entitled.

Respectfully submitted,

(S) _Dietrick Lewis Johnson, Sr._
Dietrick Lewis Johnson, Sr.
19831-078
Beaumont FCI Complex (Med)
P.O. Box 26040
Beaumont, Texas 77720

## CERTIFICATE OF SERVICE

I, Dietrick Lewis Johnson, Sr., hereby certify that a true and correct copy of the foregoing was sent to the Clerk of said Court, at the Fifth Circuit Court of Appeals, 600 S. Maestri Place, New Orleans, LA 70130-3408; from Beaumont FCI Complex (Med), P.O. Box 26040, Beaumont, Texas 77720, by placing the same in the institutional U.S. Postal mailing system on October 12, 2015.

Respectfully submitted,

(S) Dietrick Lewis Johnson, Sr.
19831-078
Beaumont FCI Complex (Med)
P.O. Box 26040
Beaumont, Texas 77720