United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 05-70056
_____

LAWRENCE RUSSELL BREWER,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director, Texas Department of
Criminal Justice, Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas

Before SMITH, GARZA, and PRADO, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Lawrence Russell Brewer ("Brewer") seeks a Certificate of Appealability ("COA") to appeal

the district court's denial of habeas relief under 28 U.S.C. § 2254.  In addition, Brewer appeals from

the district court's denial of his habeas petition, after the granting of a COA by the district court.

I

Brewer was convicted of capital murder and sentenced to death for the murder of James Byrd,

Jr. Brewer's conviction and sentence were affirmed by the Texas Court of Criminal Appeals ("TCCA"). He then filed a timely application for habeas relief in the state court, which was denied. After the TCCA affirmed the state court's denial of relief, Brewer petitioned for federal habeas relief. He raised fifteen issues, all of which were denied by the district court. Brewer then filed a motion to correct the judgment, arguing that the district court had erred in denying claims three through nine and claim twelve. The district court again denied the motion. Brewer filed a notice of appeal and moved in the district court for a COA on "the matters raised within Petitioner's previously filed Motion to Correct Judgment."

Stating specifically that it was considering only those matters raised in the Motion to Correct Judgment, the district court reiterated its denial of claims three through nine, but granted a COA as to issue twelve. Issue twelve asserts that "because of the broad definition of kidnaping under Texas law, some form of kidnaping occurs in virtually every murder, and that as a result, defining capital murder as murder committed in the course of kidnaping does not sufficiently narrow the class of murderers who should be death eligible from those who are not."

Brewer then filed a merits brief in this court on issue twelve, as well as requesting a COA on two further issues, which correspond with issues ten and thirteen of his original habeas petition. We will first address his request for a COA, and then turn to the merits of Brewer's appeal from the district court's denial of habeas relief.

II

To receive a COA, Brewer must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show that "jurists of reason could disagree with the district court's resolution of his claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Moreno v. Dretke*, 450 F.3d 158, 163 (5th Cir. 2006).

Brewer requests a COA on two issues. First, Brewer argues that it is debatable amongst jurists of reason whether it is a violation of his Fifth Amendment right against self-incrimination to compel his psychiatric examination by the State prior to the defense's presentation of psychiatric evidence at trial. Second, Brewer argues that the evidence is insufficient to support his conviction for capital murder, in his case, intentional murder occurring in the course of a kidnapping. He reasons that there is a "clear overlap" in the specific intent to restrain the decedent, with the specific intent to cause the decedent's death.[1] In light of such an overlap, the evidence is insufficient to support a finding of *mens rea* with respect to both the predicate kidnapping and the murder.

We need not consider whether jurists of reason would find the district court's resolution of these issues debatable because Brewer has waived these claims. These two issues correspond with the tenth and thirteenth issues presented in Brewer's original petition before the district court. As noted in the district court's consideration of Brewer's motion for a COA, the district court considered *only* issues three through nine and issue twelve: those issues corresponding with the claims raised in Brewer's Motion to Correct the Judgment. Brewer thus never requested a COA from the district court on these two issues.

We have stated that "'[a] district court must deny the COA before a petitioner can request one from this court.'" *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (quoting *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997)). Thus, prior to appellate review, the district court must

---

[1] Byrd was killed by being chained by his ankles to the back of a vehicle and dragged down a road until his body struck a culvert, decapitating him. The prosecution argued that the act of chaining Byrd to the pickup was a predicate offense of kidnapping.

"deny a COA as to each issue presented by the applicant." *Whitehead*, 157 F.3d at 388. Parsing the interplay between 28 U.S.C. § 2253(c)(3) and Federal Rule of Appellate Procedure 22(b), governing the grant of a writ of habeas corpus, we have explained that "a petitioner *must* make his request for a COA from a district court before seeking a COA from the Court of Appeals." *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998) (emphasis added). In this case, the district court's order made it clear that it was considering only those issues raised in the Motion for a Corrected Judgment. As such, Brewer has failed to seek a COA from the district court on these two issues, which were not raised in that Motion. We therefore will not consider those issues. *Whitehead*, 157 F.3d at 388.

III

We next turn to Brewer's appeal from the district court's denial of habeas relief on his claim that the aggravating factor of kidnapping in the Texas capital murder statute is unconstitutionally vague and overbroad. As the Supreme Court has explained, "To pass constitutional muster, a capital sentencing scheme must 'genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.'" *Lowenfield v. Phelps*, 484 U.S. 231, 244 (1988) (quoting *Zant v. Stephens*, 462 U.S. 862, 877 (1983)). Typically, the jury must find at least one aggravating circumstance prior to imposing the death penalty. *Id.* Under the Texas Penal Code, murder is defined as capital murder if "the person intentionally commits the murder in the course of committing or attempting to commit kidnapping." Tex. Penal Code § 19.03(a)(2) (Vernon 2003). Brewer argues that the aggravating factor of kidnapping is unconstitutionally vague and thus neither gives the jury sufficient guidance in making a death-eligibility decision nor sufficiently narrows the class of persons who are death-penalty eligible.

A federal habeas court "will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). In this case, the state habeas court explicitly found both that "because Applicant should have, but failed, to raise this issue on direct appeal, he is procedurally barred from raising the issue by way of habeas corpus" and "that appellant has waived review of any complaint regarding the constitutionality of [Tex. Penal Code §] 19.03 by his failure to specifically raise the issue and obtain a ruling in the trial court." *See, e.g.*, *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (finding that failure to raise an issue on direct appeal bars consideration of that issue under habeas corpus proceedings); *Green v. State*, 912 S.W.2d 189, 194-95 (Tex. Crim. App. 1995) (finding that failure to adequately raise an issue before the trial court bars appellate review of that issue). As a result, Brewer's constitutional challenge to the Texas capital murder statute is procedurally barred from being raised in a federal habeas corpus proceeding.

We will consider procedurally defaulted claims if the prisoner can show cause to overcome the default. Such cause is shown where "the prisoner can demonstrate actual prejudice as a result of the alleged violation of federal law," or where it would work "a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, in this case Brewer has addressed neither the issue of procedural default nor the issue of cause to overcome the default. Therefore, habeas review is foreclosed. *See Busby*, 359 F.3d at 718 (finding a review foreclosed where "the state habeas court expressly stated that [petitioner's] claim was procedurally barred because he did not raise it on direct appeal").

IV

For the foregoing reasons, we DENY the motion for a Certificate of Appealability and AFFIRM the district court's denial of habeas relief.