# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-10159

—————

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

VICTOR J. BLACK,

　　　　Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

　　　　Respondent - Appellee

—————————————

Appeal from the United States District Court
for the Northern District of Texas

—————————————

Before KING, SOUTHWICK, and HO, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

A Texas inmate filed an application for federal habeas relief, which the district court denied. The court also denied a certificate of appealability ("COA"). This court granted a COA on two issues that had not been presented to the district court. We now VACATE the COA and DISMISS this appeal.

## PROCEDURAL BACKGROUND

Texas inmate Victor J. Black filed an application under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Texas. He later was allowed to submit an amended application that collected all his claims. He

No. 16-10159

did so in January 2015. Among Black's claims was that his trial counsel's racial bias and conflicting interests rendered counsel's representation unreasonable and deficient. He broadly described that claim as being governed by *Strickland v. Washington*, 466 U.S. 668 (1984) and, alternatively, by *Cuyler v. Sullivan*, 446 U.S. 335 (1980). Black did not cite a key Supreme Court decision, *United States v. Cronic*, 466 U.S. 648 (1984). We will discuss each of those cases later along with the significance of Black's reliance on *Strickland* and *Cuyler* but not *Cronic*.

In two different reports, a magistrate judge to whom Black's application was referred recommended denying all relief. Black filed objections and made a general request for a COA at the end of his objections. In January 2016, the district court accepted the recommendations and denied all relief. It also issued a blanket denial of a COA.

Black appealed the January 2016 decision to this court. While the appeal was pending, Black returned to district court claiming newly discovered evidence and seeking relief from judgment under Federal Rule of Civil Procedure 60(b). The district court, agreeing with the magistrate judge's recommendation, deemed the filing to be a successive Section 2254 application and transferred it to this court. There was no additional discussion of a COA.

In April 2017, a motions judge of this court denied Black a COA on seven claims and also refused to supplement the record with the evidence presented in the successive application. In the same order, Black was granted a COA on two issues: (1) whether the claim that trial counsel used abusive and racially-charged language against him and threatened to sabotage his case if he did not accept the State's 10-year plea bargain was governed by *Cronic*, and, if so, (2) whether he was entitled to an evidentiary hearing on this claim to determine whether it was substantial enough to excuse the procedural default.

2

No. 16-10159

DISCUSSION

We have held that "the absence of a prior determination by the district court on whether a COA should issue pose[s] a jurisdictional bar to this court's consideration of whether to grant or deny a COA." *Cardenas v. Thaler*, 651 F.3d 442, 445 (5th Cir. 2011) (collecting cases). That simply means "before we may consider a petitioner's application for a COA on a particular issue, that petitioner must first submit his request to the district court and have that request denied." *Goodwin v. Johnson*, 224 F.3d 450, 459 n.6 (5th Cir. 2000). "The rule contemplates that the district court will make the first judgment whether a COA should issue and on which issues, and that the circuit court will be informed by the district court's determination in its own decisionmaking." *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997).

The State argues we were without jurisdiction to grant Black a COA on the two *Cronic* issues. The State is correct that Black did not request a COA on those specific issues. He did, though, make a general request for a COA. The portion of the district court's order denying a COA incorporated by reference the magistrate judge's report and recommendation, articulated the COA standard, and held that Black had not met it.

We see two questions to be answered as to the COA. (1) If an issue was not presented to the district court or for some other reason a COA on that issue was never denied, is a grant of a COA by this court valid, allowing us to reach the issue? (2) If the answer to the first question is in the negative, did Black sufficiently raise the *Cronic* issue in district court?

Of course, a judge of this court has already granted a COA on the relevant issue. Nonetheless, because a ruling by a motions judge in the initial stages of an appeal is not binding on the later merits panel, we have the responsibility to determine whether the significant ruling here is valid. *Newby v. Enron Corp.*, 443 F.3d 416, 419 (5th Cir. 2006).

3

No. 16-10159

*(1) Court of appeals grant of a COA on issues not raised in district court*

The complexities we face arise from the Antiterrorism and Effective Death Penalty Act, or AEDPA, which created the COA process effective in April 1996. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The relevant codified section of AEDPA is only the initial source for understanding the requirements; it discusses the need for a court of appeals to issue a COA and does not require a ruling by the district court:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.

28 U.S.C. § 2253(c)(1).[1] Further, a COA should not issue absent "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

The initial court rule guiding a district court's consideration of a COA was Federal Rule of Appellate Procedure 22, which concerns appeals in habeas corpus proceedings. It was amended by AEDPA. The first post-AEDPA version of Rule 22(b) required the district court to address the COA question before an appeal could be taken:

> If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge.

---

[1] Though the COA process was adopted by AEDPA, the former version of Section 2253 required a "certificate of probable cause" prior to a habeas petitioner's appeal from district court. *See Muniz v. Johnson,* 114 F.3d 43, 44 (5th Cir. 1997).

No. 16-10159

FED. R. APP. P. 22(b)(1) (1997) (analyzed in *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997)).

In 2009, the Advisory Committee on the Civil Rules explained that year's amendment to Rule 22. "The requirement that the district judge who rendered the judgment either issue a certificate of appealability or state why a certificate should not issue has been deleted from subdivision (b)(1)." FED. R. APP. P. 22(b)(1), advisory committee's note to 2009 amendment. The Advisory Committee stated that the requirements were now in "Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254." *Id.*

Habeas Rule 11(a) now states that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), RULES GOVERNING § 2254 CASES. In addition, a grant of a COA "must state the specific issue or issues" that were found to justify the COA, but no comparable requirement exists to identify the issues considered in denying a COA. *See id.* "If the [district] court denies a certificate, the parties may not appeal the denial but may seek a certificate [of appealability] from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.*

We detail this progression in statutory and rule-based commands in order to assure ourselves that the caselaw we will discuss is applicable to Rule 11(a) of the habeas rules. We see no meaningful distinction between this current source of the relevant COA requirements and the earlier version of Appellate Rule 22. This court has previously discussed these rules changes and refused to conclude they had any effect on our caselaw. *See, e.g.*, *Cardenas*, 651 F.3d at 443–45. We more explicitly state now that the effect of the relevant language in Rule 11 of the habeas rules is the same as that formerly in Appellate Rule 22.

One of our earliest helpful precedents stated that Rule 22 required the district court to deny a COA before a prisoner could receive a COA from this

court. *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (citing *Muniz*, 114 F.3d at 45). That allows "the circuit court [to] be informed by the district court's determination in its own decisionmaking." *Muniz*, 114 F.3d at 45.

Importantly, we have held "the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal." *Whitehead*, 157 F.3d at 388. Here, of course, there is a district court ruling — that court denied a COA in general terms. Yet if we conclude that the district court's denial did not encompass the specific issues on which a COA was granted by this court, are we also without jurisdiction to grant a COA on such issues? Yes we are, as granting a "COA in the circuit court on issues not previously denied COA in the district court" is beyond our jurisdiction. *Brewer v. Quarterman*, 475 F.3d 253, 255 (5th Cir. 2006). Our statement that the *Brewer* opinion classified the defect as a jurisdictional one is due to the parenthetical description it used for a precedent on which it relied, namely: "jurisdiction is not vested in this Court because the district court has not yet considered whether COA should issue." *Id.* (quoting *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997).

Our *Youngblood* opinion dealt with an appeal in which no COA had been requested in district court. *Youngblood*, 116 F.3d at 1113. We conclude the same reasoning applies when a COA was requested but not on the issue being pursued in the appellate court. Consistent with that view is that absent "a ruling on whether a petitioner is entitled to a COA that covers a specific issue, we would dismiss without prejudice." *Goodwin*, 224 F.3d at 459 & n.6.

Therefore, this court has no jurisdiction to issue a COA on an issue on which the district court did not deny a COA.

We now examine whether the issues for which a COA was granted were covered by the district court's COA ruling.

No. 16-10159

*(2) The* Cronic *issue in district court*

Our focus on specific issues being covered by the COA denial raises the question of whether it matters that the district court denied a COA without identifying any issues. The district court did not mention Black's claims other than by referring to the Report and Recommendation of the magistrate judge. The denial was in the general terms of Black's not being entitled to a COA.

One part of the analysis comes from the fact that the "review of the denial of a COA is certainly not limited to grounds expressly addressed by the court whose decision is under review." *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018). Another relevant point is that when a district court *sua sponte* denies a COA without indicating the specific issues, we have treated each of the issues raised in the habeas petition as included within the denial. *E.g., Haynes v. Quarterman*, 526 F.3d 189, 192, 196–98 (5th Cir. 2008). We see no reason to treat this district court's blanket COA denial any differently.

Accordingly, we hold that the court denied a COA for each issue Black presented in his habeas application.

The remaining question is whether the particular issues on which Black wants us to issue a COA were sufficiently presented to the district court and were covered by that court's denial of a COA. Deciding which issues were raised in Black's application is complicated by Black's status as an indigent prisoner handling his own suit. We have held that a *pro se* "habeas petition need only set forth facts giving rise to the cause of action." *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Liberal construction of a prisoner's Section 2254 application also means that "the substance of the relief sought by a *pro se* pleading [controls], not the label that the petitioner has attached to it." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

7

In one case, the habeas petitioner alleged that "[h]ad defense counsel physically examined the ballistics-related evidence, or engaged competent experts to do so," facts contradictory to those presented at trial would have been discovered. *Soffar v. Dretke*, 368 F.3d 441, 469 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). Soffar made that allegation in the context of claiming *Brady v. Maryland*, 373 U.S. 83 (1963) was violated by the State's "failing to disclose certain evidence, including evidence indicating that only four spent bullets had been recovered from the crime scene." *Id.* at 468–69. "Although th[e] specific allegation is found under [the petitioner's] third ground for habeas relief, *i.e.*, his *Brady* claim, there is nothing in our habeas jurisprudence that requires a party to raise a constitutional issue on appeal under a particular heading." *Id.* at 469. We therefore concluded that he had sufficiently claimed ineffective assistance of counsel "as it relates to defense counsel's failure to identify and develop the ballistics evidence." *Id.*

We now examine Black's habeas application. Black clearly did not seek habeas relief in district court specifically under *Cronic*. His contention is that when liberally construed his pleadings show "he raised a constructive/actual denial of counsel and ineffective assistance of counsel claim."

Resolving whether the *Cronic* claim was sufficiently presented in district court starts with recognizing that such a claim is substantially different than a *Strickland* claim — one of the authorities Black did cite. Both are based on the Sixth Amendment right to counsel, but the distinction between "the rule of *Strickland* and that of *Cronic* . . . is not of degree but of kind." *Bell v. Cone*, 535 U.S. 685, 697 (2002). A key question in determining if a *Cronic* or *Strickland* claim has been raised is "whether the accused asserts that he received incompetent counsel, or none at all." *Childress v. Johnson*, 103 F.3d 1221, 1230 (5th Cir. 1997). Stated another way, the distinction between allegations of "bad and no lawyering is critical . . . because very different results

No. 16-10159

flow from the label which is attached to the conduct in question." *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990).[2]

The distinction is significant because setting aside a conviction for ineffective assistance of counsel under *Strickland*, which requires proof "of incompetence and prejudice, is made on a case by case basis." *Id.* Denial of counsel altogether, actually or constructively, which is a *Cronic* claim, requires that conviction be "overturned because prejudice is presumed." *Id.* Thus, *Cronic* presents a different evidentiary and analytical mix than does *Strickland. See McInerney v. Puckett*, 919 F.2d 350, 352–53 (5th Cir. 1990).

Black's habeas filings are replete with allegations that his trial counsel was "incompetent," "unreasonable," and "rendered deficient performance." Even liberally construed, his pleadings do not contend he was constructively denied counsel. For example, Black asked the district court to find both "that trial counsel performed unreasonably under racial bias and conflicting interests" and that Black had "demonstrated 'deficient performance' by trial counsel's racial bias and conflict of interests." He also argued that there could not be "any reasonable trial strategy in trial counsel using the type of threats that Black has alleged that [trial counsel] used and of representing [Black] with a racial bias."

The closest Black came to raising a *Cronic* claim was, first, in a section of his habeas application where he cited to a decision that applied *Cronic*, *see*

---

[2] Like a *Cronic* claim, a *Cuyler* claim allows for a presumption of prejudice. *See Beets v. Scott*, 65 F.3d 1258, 1265 (5th Cir. 1995) (en banc). "[P]rejudice is presumed if the defendant shows that an actual conflict of interest adversely affected his lawyer's performance." *Id.* (citing *Cuyler*, 446 U.S. at 348). We have limited *Cuyler*'s applicability to cases concerning conflicts arising from an attorney's representation of multiple clients. *See id.* at 1265–66. Key for our purposes here is that *Cuyler* also concerns bad lawyering, not the effective absence of a lawyer. Our discussion of the distinction between *Strickland* and *Cronic* would thus apply with equal vigor to the relevant distinction between *Cuyler* and *Cronic*.

*Frazer v. United States*, 18 F.3d 778 (9th Cir. 1994), and, second, in the objections he filed to the magistrate judge's report and recommendation. That citation does not help, though, because the section of the *Frazer* opinion that Black quoted and discussed at length did not pertain to *Cronic*. Instead, Black cited *Frazer* to support his claim that counsel performed with a conflict of interest. As to Black's objections to the magistrate judge's report, he argued that trial counsel had "not made any significant decision in the exercise of reasonable professional judgment" and that he had "presented specific factual allegations showing counsel did nothing." These and similar statements, even in liberally construed *pro se* pleadings, are "mere conclusory allegations on a critical issue [and] are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citation omitted).

In summary, Black did not present to the district court, in any manner identifiable by that court, a claim that he was constructively denied counsel. The district court, as a result, cannot be said to have considered the *Cronic* issues on which our motions judge granted a COA. The COA was thus granted without jurisdiction.

We VACATE the COA and DISMISS this appeal, without prejudice, for lack of appellate jurisdiction.

No. 16-10159

KING, Circuit Judge, concurring:

I concur in the judgment and in Judge Southwick's opinion. Our caselaw has not grappled with the impact of *Gonzalez v. Thaler*, 565 U.S. 134 (2012), on our characterization of the district-court-first rule as jurisdictional. In my view, the Supreme Court's opinion in *Gonzalez* seriously calls that holding into question. Nonetheless, we are bound by the rulings of previous post-*Gonzalez* panels to continue to apply our existing caselaw.