# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

——————

No. 18-41164
Summary Calendar

——————

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2019

Lyle W. Cayce
Clerk

JESSE HERRERA,

Petitioner-Appellant

v.

BRIAN SMITH; ANTONIO ANINAO,

Respondents-Appellees

——————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:18-CV-21

——————————————

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jesse Herrera, Texas prisoner # 684864, is serving a 45-year sentence for a 1994 murder conviction. He appeals the dismissal of his petition under 28 U.S.C. § 2241, in which he challenged the result of his prior 28 U.S.C. § 2254 proceeding. The district court construed the petition as a successive and unauthorized § 2254 petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41164

A threshold question is whether a state prisoner is required to obtain a certificate of appealability (COA) before appealing the dismissal of a habeas petition purportedly brought under § 2241. In this case, Herrera is required to obtain a COA because he is challenging a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." § 2253(c)(1)(A); *see Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). However, we have no jurisdiction to grant or deny a COA where the district court did not deny or grant a COA. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018).

Accordingly, this appeal is HELD IN ABEYANCE and the case is REMANDED for the limited purpose of allowing the district court to consider whether Herrera should be granted a COA from the dismissal of his § 2241 petition. Herrera's motion to supplement the record is carried with the case.