# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50154

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERESITA ARRAMBIDE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-618

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Teresita Arrambide, federal prisoner # 21145-479, was convicted of conspiring to commit money laundering, and she was sentenced to 30 months of imprisonment. Without holding the evidentiary hearing that Arrambide requested, the district court denied her 28 U.S.C. § 2255 motion on the merits. Arrambide now requests a certificate of appealability (COA).

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50154

529 U.S. 473, 484 (2000).  Arrambide argues that trial counsel gave her bad sentencing advice, inducing her guilty plea with an incorrect estimation of her likely sentence, and that trial counsel should have sought a reduction in her offense level because she played only a minor role in the offense.  Arrambide has not made the required showing to obtain a COA on these claims.  *See Slack*, 529 U.S. at 484.  We do not consider her arguments, raised for the first time in her COA brief, that counsel should have moved for a downward departure based on her cultural assimilation under U.S.S.G. § 5K2.0 and under U.S.S.G. § 5H1.6 because she has two minor children in her care.  *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018), *cert. denied*, No. 18-9645, 2020 WL 129541 (U.S. Jan. 13, 2020).  Arrambide's motion for a COA is therefore denied.

We construe Arrambide's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm. Arrambide's request that this court conduct an evidentiary hearing is denied.

COA DENIED; AFFIRMED; EVIDENTIARY HEARING DENIED.