# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2020

No. 19-10312

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON LEE JOHNSTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-976
USDC No. 4:07-CR-130-1

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Jason Lee Johnston, federal prisoner # 36805-177, moves for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion challenging his convictions of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); attempted first degree murder of a federal officer, in violation of 18 U.S.C. § 1114(3); and carrying and using a firearm in furtherance of crimes of violence, in violation of 18 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10312

§ 924(c)(1)(A)(iii). He also appeals the district court's denials of his motions for an evidentiary hearing and for recusal during his § 2255 proceedings. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). The district court determined that the § 2255 motion was untimely and that Johnston's excuses for failing to timely file his § 2255 motion lacked merit.

Johnston acknowledges that his § 2255 motion was untimely under 28 U.S.C. § 2255(f)(1). However, he contends that he is entitled to statutory tolling under § 2255(f) because (1) his "attempts" on June 22, 2016, to file a § 2255 motion were thwarted when the allegedly inadequate prison law library failed to make § 2255 forms readily available to him; (2) attorney misconduct and abandonment and judicial misconduct constituted governmental impediments to filing a timely § 2255 motion; and (3) he was entitled to relief based on retroactively applicable amendments to the Sentencing Guidelines and changes in decisional law that occurred after the expiration of the one-year limitations period of § 2255(f)(1). He also argues that he was entitled to equitable tolling based on attorney and judicial misconduct, his mental disabilities, his placement in solitary confinement, and changes in the law. Additionally, he contends that he is entitled to equitable relief because he is actually and factually innocent and is subject to a miscarriage of justice.

To obtain a COA, Johnston must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where, as here, the district court's denial of federal habeas relief is based on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

2

No. 19-10312

U.S. 473, 484 (2000). Johnston's arguments do not meet this standard. Johnston also has not shown that the district court abused its discretion in denying his motions for an evidentiary hearing and for recusal. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013); *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999).

To the extent that Johnston's COA motion contends that he is challenging his conviction of violating § 924(c)(1)(A)(iii), rather than § 922(g)(1), under *United States v. Davis*, 139 S. Ct. 2319 (2019), he is raising the argument for the first time in his COA motion, and thus we lack jurisdiction to consider it. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018), *cert. denied*, 2020 WL 129541 (U.S. Jan. 13, 2020). Nevertheless, Johnston is advised that under § 2255(f)(3), he has one year from the Supreme Court's decision in *Davis* to file a successive § 2255 motion challenging his conviction under § 924(c)(1)(A)(iii) based on *Davis*, should this court authorize him to file such a successive § 2255 motion. *See Davis*, 139 S. Ct. at 2319, 2336; *Dodd v. United States*, 545 U.S. 353, 357-59 (2005); § 2255(f)(3), (h)(2).

In light of the foregoing, Johnston's motion for a COA is DENIED. The district court's denials of his motions for an evidentiary hearing and for recusal are AFFIRMED.