## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2020

No. 19-60250

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY STRONG, also known as Gary,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-186

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Anthony Strong, federal prisoner # 13410-025, pleaded guilty to being a felon in possession of a firearm. He was sentenced to 80 months of imprisonment. Without holding the evidentiary hearing that Strong requested, the district court denied his 28 U.S.C. § 2255 motion. The district court also denied Strong's motion under Federal Rule of Civil Procedure 59(e). Strong requests a certificate of appealability (COA) and moves to proceed in forma pauperis (IFP) on appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60250

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Strong argues that trial counsel provided ineffective assistance of counsel and that the district court erred in varying upward from the recommended sentencing range. He also argues that the district court abused its discretion in granting the Government an extension of time in which to file its response and in denying his motion for a default judgment. Strong has not made the required showing to obtain a COA on these claims. *See Slack*, 529 U.S. at 484.

We do not consider his argument, raised for the first time in his motion to supplement his COA motion, that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 859 (2020). Strong's motion for a COA is denied.

We construe Strong's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm. Strong's motion to proceed IFP on appeal is denied.

COA DENIED; AFFIRMED; IFP DENIED.