# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11563

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-542
USDC No. 4:15-CR-271-11

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Mario Perez, federal prisoner # 50701-177, pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine, and he was sentenced to 340 months of imprisonment. The district court denied his 28 U.S.C. § 2255 motion on the merits without holding an evidentiary hearing. Perez now seeks a certificate of appealability (COA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11563

Perez contends that his counsel provided ineffective assistance by failing to object to the inclusion of certain information in the factual basis for his plea, by promising he would receive a sentence of no more than 10 years of imprisonment, by significantly underestimating his sentencing exposure, by failing to object to the district court's failure to adequately explain its reasons for awarding only a limited departure from the guidelines range, and for failing to object to the limited extent of that departure. He also argues that the district court erred by not holding an evidentiary hearing on his claims.

This court will grant a COA, which is required to appeal, only when the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 327.

Perez has not made the requisite showing. In addition, we lack jurisdiction to consider claims that were not presented to the district court. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 859 (2020). Perez's motion for a COA is denied.

We construe the motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; AFFIRMED.