# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2020

Lyle W. Cayce
Clerk

No. 19-50123

JOHNNY ANTONIO RAMIREZ,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-218

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Johnny Antonio Ramirez, Texas prisoner # 2084019, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction for aggravated assault with bodily injury while using or exhibiting a dangerous weapon. He asserts for the first time that (1) the failure of the state trial court and trial counsel to advise him that a dangerous weapon finding would negatively affect his parole

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50123

eligibility rendered his plea unknowing and involuntary and (2) the state trial court wrongly denied his right to allocute at sentencing. Liberally construed, Ramirez's COA motion also argues that he was entitled to federal habeas relief based on the state habeas court's failure to afford him a full and fair hearing and that the district court should not have denied his § 2254 application without holding an evidentiary hearing.

Because Ramirez has not briefed his claims raised in the district court that counsel was ineffective for failing to adequately investigate his alibi defense, the evidence was insufficient to support a dangerous weapon finding, and his plea was unknowing and involuntary, we decline to consider them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

To obtain a COA, Ramirez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A COA movant makes that showing by "demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This court lacks jurisdiction to consider issues first raised in a COA motion in this court. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 859 (2020). Accordingly, we do not consider Ramirez's claims regarding the failure of the trial court and trial counsel to advise him about parole eligibility and the denial of his right to allocute. *See id.* He has not made the requisite showing with respect to his claim that the state habeas court's denial of a full and fair hearing entitled him to substantive relief. *See Miller-El*, 537 U.S. at 327.

No. 19-50123

To the extent that Ramirez seeks a COA to appeal the district court's failure to hold an evidentiary hearing, he is not required to obtain a COA, and we construe his COA motion as a direct appeal of the district court's failure to hold an evidentiary hearing. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Ramirez fails to show that the district court abused its discretion. *See Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011).

Accordingly, Ramirez's motion for a COA is DENIED. The district court's denial of his § 2254 application without holding an evidentiary hearing is AFFIRMED.