# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2020

Lyle W. Cayce
Clerk

No. 18-20083

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAMEH KHALED DANHACH, also known as Andrew,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3160
USDC No. 4:12-CR-161-1

Before STEWART, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Sameh Khaled Danhach is appealing the district court's denial of his 28 U.S.C. § 2255 motion for federal habeas relief. The district court also denied his certificate of appealability ("COA"), and a motions judge later granted the COA. For the reasons set forth below, we now VACATE the COA and DISMISS this appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20083

I.

Danhach is serving three concurrent sentences totaling 151 months for his participation in an organized retail theft scheme.  We previously affirmed the six-count conviction and corresponding sentences.  *See United States v. Danhach* (*Danhach I*), 815 F.3d 228 (5th Cir. 2016).

The subject of this appeal concerns defense counsel, Matthew Hennessy, and a digital video recorder ("DVR") hard drive that was initially hidden from law enforcement.[1]

Danhach and his co-defendant Allet Alex Kheir ("Kheir") were being investigated for exporting and selling stolen over the counter ("OTC") goods from their warehouse.  Agents surveilled the warehouse and observed OTC products being unloaded into cars and later transported.  On March 1, 2012, the investigating agents "saw Kheir . . . enter the building; the agents then approached and knocked on the door in an effort to gain entry."  *Danhach I*, 815 F.3d at 233.  Kheir permitted the agents to conduct a protective sweep of the warehouse, and during such sweep, the agents saw, in plain view, stolen OTC goods.  The agents then left, obtained a search warrant, and returned to seize the stolen goods.

***The Hidden Hard Drive.***  Approximately six months after law enforcement officers executed a warrant that resulted in the seizure of stolen over the counter ("OTC") goods from Danhach's and his co-defendant Allet Alex Kheir's Houston warehouse, but before trial, Mr. Hennessy filed an ex parte sealed document entitled "Defense Counsel's Notice Regarding Video Recording." The Notice—filed "on [the] advice of a leading expert in legal ethics"—stated that Mr. Hennessy had been made aware of a DVR hard drive that was not seized during the execution of the search warrant, as it was out

---

[1] The factual and procedural history is chronicled in *Danhach I*, 815 F.3d at 232–35.

of sight at the time of the search. The Notice claimed that Mr. Hennessy learned of the unseized DVR hard drive "several months" after the search and "had a third party forensics firm recover the hard drive from the warehouse landlord."

When a second firm recovered the data and made forensic copies, Mr. Hennessy viewed the retrieved data with Kheir's counsel. The drive contained nine days of video from the warehouse security cameras. According to Mr. Hennessy's notice, this footage included (1) video of the agents conducting a warrantless search instead of a protective sweep on March 1 (prior to obtaining a search warrant) and (2) video of conduct the Government would argue is consistent with the charged conduct. Lastly, Mr. Hennessy noted that, "[f]or purposes of this pleading, the Court should assume that the hard drive was not found during the . . . search because of conduct the [G]overnment would consider obstruction."

***The Garcia Hearing and Obstruction of Justice Charge.*** The Government subsequently filed a notice of potential conflict of interest. Its notice stated that during a proffer session, Kheir admitted that he illegally hid the DVR on the direction of Danhach. The Government also requested and received a *Garcia* hearing[2] to inquire about disqualifying Mr. Hennessy as counsel or waiving the conflict, if any, because Mr. Hennessy could be called to testify about the hard drive's chain of custody and the facts surrounding the data retrieval. Considering the arguments, the court declined to disqualify Mr. Hennessy as he made clear that he did not participate in the concealment of the hard drive.

---

[2] "If a defendant chooses to proceed with representation by counsel who has a conflict of interest, a district court must conduct what is commonly known as a '*Garcia* hearing' to ensure a valid waiver by the defendant of his Sixth Amendment right" to conflict-free counsel. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006) (citing *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975)).

No. 18-20083

After this ruling, the Government filed a superseding indictment against Danhach that included a charge of obstruction of justice based on the facts surrounding the concealment of the hard drive and Kheir's proffer.

***Trial and the § 2255 Motion.***  On several occasions before trial, the Government urged the court to reconsider its request to disqualify Mr. Hennessy and even filed a notice of intent to subpoena Mr. Hennessy as a fact witness.  The court denied the reconsideration requests, and the Government and Mr. Hennessy ultimately stipulated as to the basic facts of the recovery of the hard drive and its authenticity.

At the close of trial, Danhach was found guilty on all counts, including the on the DVR-related obstruction of justice charge, and the district court imposed three concurrent sentences totaling 151 months.

Several years into his sentence and after we affirmed his conviction, Danhach filed a 28 U.S.C. § 2255 motion alleging, *inter alia*, ineffective assistance of his trial counsel based on the foregoing alleged conflict of interest stemming from Mr. Hennessy's involvement in recovering the DVR hard drive. The court ordered Mr. Hennessy to file an affidavit addressing Danhach's ineffective counsel assertions.  In the affidavit, Mr. Hennessy stated that he believed that he did not have an ethical obligation to withdraw as Danhach's counsel as long as Danhach wanted him to serve in that capacity.  He also noted that Danhach insisted that he continue to serve as counsel after Danhach was charged with obstruction of justice.

In denying the § 2255 motion, the district court concluded that any alleged conflict of interest was waived by Danhach at the initial *Garcia* hearing, and it also found that assuming the conflict was not waived, Danhach was not prejudiced.  The court did not certify the motion for appeal.

Danhach subsequently moved for certification, but he claimed, for the first time, that the district court erred by failing to hold a second *Garcia*

4

No. 18-20083

hearing and disqualify Mr. Hennessy.  A motions judge certified the appeal as to "(1) whether Danhach procedurally defaulted his claim that the district court erred in failing to hold a second *Garcia* hearing after the filing of the superseding indictment, and (2) if Danhach is not barred from bringing this claim, whether the district court erred in failing to hold a second *Garcia* hearing after the filing of the superseding indictment."

## II.

Danhach argues that the district court erred when it did not hold a second *Garcia* hearing.  He avers the district court had a duty to revisit the conflict of interest issue after Danhach was indicted for obstruction of justice for the concealment of evidence that Mr. Hennessy witnessed.  According to Danhach, the superseding indictment "should have been a redflag [*sic*]" to the court to conduct the hearing.

These arguments are materially different to those presented to the district court in his § 2255 motion which centered on ineffective assistance of counsel and Mr. Hennessy's deficient performance in light of the alleged conflict of interest.

"[B]ecause a ruling by a motions judge in the initial stages of an appeal is not binding on the later merits panel, we have the responsibility to determine whether the significant ruling here is valid." *Black v. Davis*, 902 F.3d 541, 544 (5th Cir. 2018).  "[B]efore we may consider a petitioner's application for a COA on a particular issue, that petitioner must first submit his request [on that issue] to the district court and have that request denied." *Goodwin v. Johnson*, 224 F.3d 450, 459 n.6 (5th Cir. 2000).  If there is an absence of a prior determination on a COA issue by the district court, then we are "without jurisdiction to consider the appeal." *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).  In other words, we will generally not consider

5

any issue raised for the first time in a COA. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

The Government's position is that we lack jurisdiction to consider Danhach's contention that the district court reversibly erred in failing to *sua sponte* hold a second *Garcia* hearing. The Government reasons that because Danhach's § 2255 motion is based on a separate and distinct argument of ineffective assistance of counsel for failing to request a second *Garcia* hearing, the district court did not decide whether it erred for not *sua sponte* holding a second hearing.

In response, Danhach concedes that "he did not raise the issue of [the district] court's failure to conduct a second *Garcia* hearing subsequent to his being indicted for obstruction of justice at trial or on [a]ppeal," but he maintains that his habeas petition raised this issue as it was "couched" in his assertion of ineffective assistance of trial counsel.

Upon review of his habeas petition, we find that Danhach did not identifiably present the district court with his claim that the court failed to conduct a second *Garcia* hearing.

Danhach's § 2255 motion specifically asserts that trial counsel performed ineffectively for failing to move for a second *Garcia* hearing and that Mr. Hennessy should have been replaced as he was a favorable witness to the Government. The motion continues to focus exclusively on Mr. Hennessy's performance, alleging that counsel (1) "legitimize[d]" his own conduct, while "over[riding] [Danhach's] own authority" as the client; (2) "creat[ed] a direct conflict of interest"; and (3) performed inadequately in regard to numerous other aspects of the trial and sentencing, including having a conflict of interest

related to his prior representation of another individual.[3]   While we are mindful that Danhach is a *pro se* litigant who is afforded liberal construction of his pleadings, he still must have presented his arguments to the district court in a "manner identifiable by that court." *Black*, 902 F.3d at 547. Only then can the court "be said to have considered" the issues. *Id.*  That is not the case here as the § 2255 issues and those presented on appeal are different.

While it's true that Danhach's ineffective assistance of counsel claim and a claim that the district court erred in not holding a second *Garcia* hearing both require a finding of actual conflict, that similarity does not mean that Danhach presented his *Garcia* hearing argument in a manner identifiable to the district court.  *See United States v. Gentry*, 941 F.3d 767, 776 (5th Cir. 2019) (explaining that where a defendant alleges an ineffective assistance of counsel claim that does not relate to multiple representations, *Strickland v. Washington*, 466 U.S. 668 (1984), applies: a defendant must demonstrate that the (1) conflict causes counsel to perform deficiently and (2) deficiency prejudiced the defendant's case); *see also Garcia-Jasso*, 472 F.3d at 243 ("A district court need only conduct a *Garcia* hearing if there is an actual conflict of interest.").  Danhach's habeas application complained of his counsel's performance errors only.  But his COA and appellate briefing now assert that the *district court* erred.

We must construe Danhach's § 2255 motion liberally, but we cannot make an argument for him out of whole cloth. The district court liberally construed Danhach's habeas motion and found that the "substance of the relief [he] sought" was that of an ineffective assistance of counsel claim. *See Black*,

---

[3] We recognize that Danhach noted in his § 2255 motion that "[a] *Garcia* Hearing should [have] been held and Petitioner[']s counsel should [have] been replaced." However, that statement, read in context, was clearly made in relation to an ineffective assistance of counsel claim.

902 F.3d at 542 (noting that "the substance of the relief sought by a pro se pleading [controls], not the label that the petitioner has attached to it" (alteration in original) (quoting *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011)). As such, we conclude that Danhach's § 2255 motion did not sufficiently raise the issue of the court's alleged error in failing to conduct a second *Garcia* hearing upon the filing of the superseding indictment. "The district court, as a result, cannot be said to have considered [this] . . . issue[] on which our motions judge granted a COA.  The COA was thus granted without jurisdiction." *Id.* at 547.

We therefore VACATE the COA and DISMISS this appeal, without prejudice, for lack of appellate jurisdiction.