# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

No. 19-20790

KOREY LEWILLIE MAGEE,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *DIRECTOR*, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3990

Before ELROD, HAYNES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Korey Lewillie Magee, now Texas prisoner # 2069564, moves for a
certificate of appealability (COA) to appeal the district court's denial of his
28 U.S.C. § 2254 application challenging his Texas conviction of capital
murder.  Magee asserts that the district court erred by: (1) denying as

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

procedurally defaulted his claims that (a) there was no or insufficient evidence to support the retaliation element of his offense and (b) his trial counsel rendered ineffective assistance by failing to show that the victim was not a prospective witness; (2) denying on the merits his claim that his appellate counsel rendered ineffective assistance by failing to challenge the lack of evidence supporting his conviction; and (3) denying his motion for an evidentiary hearing. To the extent that Magee raises additional claims for the first time in this COA application, we lack jurisdiction to review such claims because they were not encompassed by the district court's denial of a COA. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018).

A prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court has rejected a constitutional claim on the merits, "[t]he [prisoner] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied relief on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

As Magee fails to make the required showing for a COA on his constitutional claims, we do not grant relief on the evidentiary hearing issue. *Compare Norman v. Stephens*, 817 F.3d 226, 235 (5th Cir. 2016) (concluding that the "denial of an evidentiary hearing was correct") with *United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020) (holding that, if a COA does not issue on the merits claims, the court cannot rule on the evidentiary question).

DENIED.