# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2021

Lyle W. Cayce
Clerk

No. 20-30144

Courtney Ables,

*Petitioner—Appellant*,

*versus*

Tim Ducote, *Warden, Jackson Parish Correctional Center*,

*Respondent—Appellee*.

Application for Certificate of Appealability from the
United States District Court for the Eastern District of Louisiana
USDC No. 2:19-CV-2783

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Courtney Ables, Louisiana prisoner # 429934, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging his Louisiana state convictions for possession with the intent to distribute acetyl fentanyl and possession of a firearm by a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

convicted felon. He also moves for leave to proceed in forma pauperis (IFP) on appeal.

Citing *Stone v. Powell*, 428 U.S. 465, 494 (1976), the district court determined that federal habeas review was barred with respect to Ables's constitutional challenges to the search and seizure that yielded evidence against him, because Ables had the opportunity fully and fairly to litigate those claims in state court. In his COA application, Ables again raises his constitutional claims, asserting that the state courts did not fully and fairly consider them, contends that there was prosecutorial misconduct with respect to his criminal case, and requests that the district court be ordered to conduct an evidentiary hearing.

Ables has failed to renew, and has thereby abandoned, his contention from the district court that his Fifth and Fourteenth Amendment due process claims relating to the challenged evidence should not be treated as Fourth Amendment claims subject to the *Powell* bar. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Additionally, we lack jurisdiction to review Ables's claim of prosecutorial misconduct, asserted for the first time in his COA application, because the claim was not encompassed by the district court's denial of a COA. *See Black v. Davis*, 902 F.3d 541, 546–47 (5th Cir. 2018).

A prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court has denied relief based on procedural grounds without reaching the underlying constitutional claims, a COA should be granted only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No. 20-30144

Ables has failed to make the requisite showing. Accordingly, his motion for a COA is DENIED, and his motion for leave to proceed IFP is DENIED AS MOOT. Because Ables has not made the required showing for a COA on his constitutional claims, we do not reach the question of whether the district court erred by failing to conduct an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534–35 (5th Cir. 2020), *cert. denied*, 2021 WL 4507901 (U.S. Oct. 4, 2021) (No. 20-7553).

COA DENIED; IFP DENIED.